IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALISA NELSON and                                                                PLAINTIFFS
STACY JACKSON

vs.                                        Civil No. 4:20-cv-04018

SANTANDER CONSUMER
USA, INC.                                                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Santander Consumer USA Inc.'s Motion to Dismiss Plaintiffs' Complaint. ECF No. 9. Defendant filed this Motion on April 6, 2020. Plaintiffs have responded to this Motion and request it be denied. ECF No. 15. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, Chief United States District Judge, referred this Motion to the undersigned for the purpose of making a report and recommendation. In accordance with that referral, the undersigned enters the following report and recommendation and recommends this Motion be **GRANTED** in its entirety.

Plaintiffs filed this *pro se* action on February 25, 2020. ECF No. 1. Plaintiffs brought this action "under the Truth in Lending Act (U.S.C. 1631)." *Id.* at 1. In this Complaint, Plaintiffs allege Defendant violated the Truth In Lending Act ("TILA") in September of 2016 after Plaintiff Stacy Jackson purchased a 2013 Chevy Camaro. *Id.* at 9. Based upon the Complaint, it appears Plaintiffs are arguing that Defendant did not disclose the auto loan terms to Plaintiff Stacy Jackson at the time he purchased this 2013 Chevy Camaro.

A claim arising under the TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2009). The one-year window for timely filing a TILA damages claim generally begins to run "from the date of the consummation of the

1

transaction." *See, e.g., McNeil v. Metro. Nat. Bank,* 2013 WL 2099815, at *3 (E.D. Ark. May 14, 2013). In the context of a loan, that period begins to run at the time the consumer becomes contractually obligated on the credit transaction. *See id. See also Dryden v. Lou Budke's Arrow Fin. Co.,* 630 F.2d 641, 646 (8th Cir. 1980) (holding that TILA's "one-year limitations period begins to run when credit is extended through the consummation of the transaction between the creditor and its customer").

In the present action, Plaintiff Stacy Jackson entered into a contract with Defendant in September of 2016 when he executed a loan agreement for his 2013 Chevy Camaro. Plaintiffs, consequently, had one year or until September of 2017 to file this lawsuit. Because Plaintiffs did not file this lawsuit until February of 2020, this Complaint is time-barred. Plaintiffs in their Response to Motion to Dismiss (ECF No. 15) offered no basis for their delay in filing this case and no exception to this one-year statute of limitations. Thus, based upon the allegations in Plaintiffs' Complaint, the Court finds Plaintiffs' claims are time-barred and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs have failed to state a claim upon which relief can be granted. Based upon the forgoing, the Court recommends Defendant's Motion (ECF No. 9) should be **GRANTED**.[1]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

---

[1] Plaintiffs have several other pending motions in this case, including a "Motion for order of protection and to stop GPS tracking/starter interruptions." Consistent with this Report and Recommendation, the Court also recommends any pending motions be denied.

**IT IS SO ORDERED** this 22nd day of April 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE