IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALISA NELSON and
STACY JACKSON                                                                           PLAINTIFFS

v.                                            Case No. 4:20-cv-4018

SANTANDER CONSUMER USA,
INC.                                                                                     DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 16). Judge Bryant recommends that the Court grant Defendant Santander Consumer USA, Inc.'s motion to dismiss and dismiss this case without prejudice. Plaintiff Alisa Nelson has filed two sets of objections. (ECF Nos. 17, 18). The Court finds the matter ripe for consideration.

### I. BACKGROUND

This case arises from Plaintiff Stacy Jackson's purchase of a car sometime in September 2016 in Hope, Arkansas. To do so, he entered into a financing agreement with Defendant. Plaintiff Jackson and Plaintiff Nelson, his mother, brought this case on February 25, 2020, alleging that Defendant did not disclose the auto loan terms to Plaintiff Jackson at the time of the purchase, in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").

On April 6, 2020, Defendant filed a motion to dismiss, arguing, *inter alia*, that Plaintiff Nelson's claim should be dismissed for lack of standing and that Plaintiffs' TILA claims should be dismissed as time barred. (ECF No. 9). On April 22, 2020, Judge Bryant issued the instant report and recommendation, finding that Plaintiffs' TILA claim is time barred. Thus, Judge Bryant recommends that the Court grant Defendant's motion to dismiss. Plaintiff Nelson objects.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Moreover, non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief" and magistrate judge did not conduct a hearing).

Plaintiff Nelson's objections are generally unresponsive to the instant report and recommendation. One set of objections seems to largely concern a separate, pending motion she filed requesting an order of protection from a GPS tracking device Defendant allegedly installed on Plaintiff Jackson's car that has purportedly disabled it. The second set of objections largely appears to discuss how the TILA is used, but also states that Plaintiff Jackson has a three-year right of rescission under the TILA. Although the Court believes that the objections are not specific, in light of Plaintiff Nelson's *pro se* status, the Court will conduct a *de novo* review of the record,

which is not excessively large.

The Court agrees with Judge Bryant's ultimate recommendation that this case should be dismissed. However, the Court finds that Plaintiff Nelson's claim must be dismissed for a different reason than what is recommended. The Court will first address that and will then discuss Plaintiff Jackson.

### A. Plaintiff Nelson

Judge Bryant recommends that the Court dismiss Plaintiffs' claims as time barred. However, Defendant has also argued for dismissal of Plaintiff Nelson's claim due to lack of standing. Standing implicates subject matter jurisdiction, which must be addressed before any other issue, so the Court must first determine whether Plaintiff Nelson has standing.

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to challenge a federal court's subject matter jurisdiction, which "is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). If a plaintiff lacks standing, the district court has no subject matter jurisdiction to hear that plaintiff's claims, which must be dismissed. *Iowa Right To Life Comm., Inc. v. Tooker*, 717 F.3d 576, 584 (8th Cir. 2013). The party claiming that federal subject matter jurisdiction exists must demonstrate that fact. *Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013).

A challenge to jurisdiction under Rule 12(b)(1) may proceed one of two ways: as a facial challenge, or as a factual challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A party makes a facial challenge by merely arguing that the other party has not alleged sufficient jurisdictional facts. In deciding a facial challenge, the Court looks only at the pleadings and essentially uses the Rule 12(b)(6) standard to determine whether the complaint states a facially plausible jurisdiction claim. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (stating the post-

3

*Twombly* standard for Rule 12(b)(6)). If, on the other hand, the movant challenges the factual accuracy of the other party's jurisdiction claims and asks the Court to consider matters outside the pleadings to determine their accuracy, then the Court determines the factual accuracy of the jurisdiction claims without giving the other party any beneficial Rule 12(b)(6) assumption. *Osborn*, 918 F.2d at 729 n.6; *Titus*, 4 F.3d at 593. In that instance, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 729-30 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Defendant does not specify what type of challenge it makes to Plaintiff Nelson's standing. The Court assumes that Defendant makes a factual challenge because its motion to dismiss is accompanied by an affidavit that states, in part, that Plaintiff Nelson was not a party to the financing agreement at issue in this case. However, regardless of the type of challenge Defendant makes, the Court does not need to consider the affidavit to determine whether Plaintiff Nelson has standing.

To establish Article III standing, a party must suffer an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). Plaintiffs assert their claim under TILA, which "compels" a creditor to disclose specific information in a "consumer credit transaction." *Kinzel v. Southview Chevrolet Co.*, 892 F. Supp. 1211, 1215 (D. Minn. 1995) (citing 15 U.S.C. § 1638; 12 C.F.R. § 226.18). Under the TILA, a "consumer" is defined as "the party to whom the credit is offered or extended." 15 U.S.C. § 1602(j). The TILA affords a consumer a private cause of action against "any creditor who fails to comply with any requirement imposed under this part." 15 U.S.C. § 1640(a).

Defendant argues, and the Court agrees, that Plaintiff Nelson lacks standing in this case. Plaintiffs' complaint does not allege that Plaintiff Nelson is a borrower or otherwise obligated under Plaintiff Jackson's financing agreement with Defendant. Moreover, she admits as much in her response to Defendant's motion to dismiss. She appears to argue in her response brief that she has standing because Plaintiff Jackson, her son, gave her permission to interact with Defendant on his behalf. However, even if so, this does not give her standing for purposes of this lawsuit. "[A] plaintiff may only assert [her] own injury in fact and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Ofor v. Ocwen Loan Servicing, LLC*, 649 F.3d 808, 816 (8th Cir. 2011). She is not a party to the financing agreement, so she has suffered no injury from it or its terms, and she cannot make a claim for relief based on Plaintiff Jackson's rights or interests.

Consequently, the Court finds that Plaintiff Nelson lacks standing in this case because she is not a party to the financing agreement, and thus, is not a "consumer" as defined by the TILA. Her claim should be dismissed without prejudice for lack of subject matter jurisdiction. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011).

### B. Plaintiff Jackson

Judge Bryant also recommends that Plaintiff Jackson's claim should be dismissed as time barred under Federal Rule of Civil Procedure 12(b)(6). Judge Bryant states that the TILA provides a one-year statute of limitations, running from the date the consumer becomes contractually obligated on the credit transaction. Plaintiff Jackson entered into the financing agreement with Defendant in September 2016 and did not file this case until February 25, 2020. Judge Bryant finds that no exception applies to toll the statute of limitations and, thus, he recommends that Plaintiff Jackson's claim should be dismissed.

As a preliminary matter, the Court does not believe that this claim has been properly objected to. Plaintiff Nelson filed two sets of objections that are signed "Alisa Nelson et al." (ECF Nos. 17, 18). This creates an issue because Plaintiffs are *pro se*.[1] "Every pleading, written motion, and other paper must be signed by at least one attorney of record" or, alternatively, by every self-represented party filing the paper. Fed. R. Civ. P. 11(a). Importantly, a *pro se* party cannot sign a document on behalf of another *pro se* party. *Alexander v. Medtronic, Inc.*, No. 2:12-cv-4104-NKL, 2012 WL 2049827, at *2 (W.D. Mo. June 6, 2012). Notwithstanding Plaintiff Nelson's lack of standing, nothing in the record indicates that she is a licensed attorney, and the complaint concedes that neither Plaintiff is an attorney. Thus, only Plaintiff Nelson has objected to the Reprot and Recommendation.

Moreover, the Court does not find it appropriate to allow Plaintiff Nelson to litigate this case on Plaintiff Jackson's behalf by signing and filing objections for him.[2] To do so would constitute the unlawful practice of law and the filing would be rendered a nullity. *Morgan v. Nat'l*

---

[1] Plaintiff Nelson's second set of objections states, without elaboration, that Plaintiffs asked for appointment of counsel and that the Court ignored their request. There is no pending motion for appointment of counsel. The Court has reviewed all of Plaintiffs' filings in this case for such a request. The last page of Plaintiffs' complaint states their wish that a court-appointed lawyer represent them if this case goes to trial. There are several issues with this request. For one, it was not made by separate motion, and thus, was not properly put before the Court for consideration. *See* Fed. R. Civ. P. 7(b) (providing that a request for court order must ordinarily be made in a written motion). Moreover, the request for appointed counsel is conditioned on this case proceeding to trial, and trial is not imminent. Thus, no ruling was issued on the conditional request for counsel raised in the complaint.

However, to the extent that Plaintiffs now request appointed counsel, that request would be denied. Civil litigants, like Plaintiffs in this case, do not have a constitutional or statutory right to appointed counsel, but the Court may appoint counsel at its discretion if the litigant has alleged a valid *prima facie* claim. 28 U.S.C. § 1915(e)(1); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). Courts must consider various factors, including the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). The Court should also satisfy itself that the litigant attempted to retain counsel but was unsuccessful. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Plaintiffs have not argued or shown that they have unsuccessfully attempted to retain counsel, that the facts and legal issues in this case are complex, or that they are unable to investigate the facts or present their claim. Thus, appointment of counsel is inappropriate at this time.

[2] The Court notes that the only document filed by Plaintiffs in this case that Plaintiff Jackson has signed is the complaint.

*Bank of Kan. City*, No. 4:09-cv-0792-WRW, 2009 WL 3592543, at *1 (E.D. Ark. Oct. 27, 2009). As the Court found above, Plaintiff Nelson lacks standing in this case. Plaintiff Jackson has not signed Plaintiff Nelson's objections or separately filed his own. The Court does not believe that Plaintiff Nelson's objections—which border on the unlawful practice of law to the extent that they are filed on Plaintiff Jackson's behalf—should inure to his benefit. Thus, Judge Bryant's recommendation is appropriate in the absence of objections filed or signed by Plaintiff Jackson.

Moreover, even if the objections were somehow valid as to Plaintiff Jackson, the Court would still agree with Judge Bryant. It appears undisputed that Plaintiff Jackson's claim was filed well after the one-year statute of limitations provided by the TILA. The objections argue that he has a three-year right of rescission under the TILA because Defendant never notified him of his right of rescission. However, the record contains no evidence of this assertion and, moreover, a party may not assert arguments, claims, or legal theories in objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). Thus, the Court makes no finding as to whether the TILA's right of rescission applies.[3]

For the above reasons, the Court finds that Plaintiff Jackson's TILA claim is time barred because Plaintiffs have not established that equitable tolling should apply. Plaintiff Jackson's TILA claim must be dismissed without prejudice pursuant to Rule 12(b)(6). *Holmseth v. City of E. Grand Forks*, No. CIV. 14-2970 DWF/LIB, 2015 WL 4488424, at *20 (D. Minn. July 23, 2015) (noting the general practice within the Eighth Circuit favoring Rule 12(b)(6) dismissal without prejudice).

---

[3] However, if Plaintiffs are correct that Plaintiff Jackson had a three-year right of rescission beginning on the date he entered into the financing agreement, that period would end sometime in September 2019. Again, Plaintiffs did not file this case until February 25, 2020, and nothing indicates that Plaintiff Jackson sought rescission within three years after he executed the financing agreement.

7

### III.  CONCLUSION

For the above-stated reasons and upon *de novo* review, the Court finds that Plaintiffs have presented no error of fact or law upon which a departure from the Report and Recommendation would be appropriate.  Accordingly, the Court overrules Plaintiff Nelson's objections and adopts the Report and Recommendation (ECF No. 16) to the extent that it recommends dismissal of Plaintiffs' claims.  Defendant's motion to dismiss (ECF No. 9) is hereby **GRANTED**.  As set forth above, Plaintiff Nelson's claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and Plaintiff Jackson's claim is **DISMISSED WITHOUT PREJUDICE** as time barred.  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**, this 4th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge