IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALISA NELSON and
STACY JACKSON                                                                                   PLAINTIFFS

v.                              Civil No. 4:20-cv-4018

SANTANDER CONSUMER USA, INC.                                                        DEFENDANT

## **ORDER**

Before the Court is Plaintiff Alisa Nelson's Motion for Reconsideration. (ECF No. 22). The Court finds that no response is necessary and that the matter is ripe for consideration.

On February 25, 2020, Plaintiffs brought this case alleging that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), by not disclosing the terms of an auto loan to Plaintiff Jackson at the time of purchase. On April 6, 2020, Defendant filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 9). On April 22, 2020, the Honorable Barry A. Bryant filed a Report and Recommendation, which recommended that the Court dismiss Plaintiffs' complaint because Plaintiffs' claims are time-barred. (ECF No. 16). On May 4, 2020, the Court adopted the Report and Recommendation and dismissed Plaintiffs' claims without prejudice. (ECF No. 19). The Court also found that Plaintiff Nelson lacked standing to pursue a claim against Defendant because she was not a party to the financing agreement alleged to violate the TILA.

On July 15, 2021, Plaintiff Nelson filed a motion asking for the case to be reopened. (ECF No. 20). The Court declined to reopen the case on the grounds that Nelson had provided no evidence demonstrating that Plaintiffs' claims were timely. (ECF No. 21). Nelson now asks the Court to reconsider its decision not to reopen this case. Nelson argues that the United States is a

foreign corporation occupying this land under 28 U.S.C. § 3002(15)(A)[1] and that her case should be adjudicated pursuant to American rather than foreign law. Nelson also argues that the applicable statute of limitations for claims arising under 15 U.S.C. § 1640 are subject to a three-year statute of limitations.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003); *see also Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (stating that motions to reconsider a non-final summary judgment order should be considered under Rule 60(b)). Federal Rule of Civil Procedure 60(b) allows a district court, in its discretion, to relieve a party from a final judgment, order, or proceeding for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(6).

The provisions of Rule 60(b) are grounded in equity and exist to prevent the judgment from being a vehicle of injustice. *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Id.* (quoting 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2851, at 227 (2d ed. 1995)). It is well established that the rule authorizes relief only in the most exceptional circumstances. *In re Guidant Corp. Implantable Defibrillators*

---

[1] "'United States' means—a Federal corporation[.]"

*Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).  Moreover, Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990.

Upon consideration, the Court declines to reconsider its decision to not reopen this case.  As an initial matter, Title 28 U.S.C. § 3002(15) cited by Nelson is not applicable to the cause of action alleged.  Title 28 merely defines "United States" within the context of whether the "United States" may recover judgment on a debt or obtain a remedy in connection with a debt.  28 U.S.C. § 3001.  The United States did not attempt to recover a debt in this action, and thus Plaintiffs' Complaint is not governed by any portion of 28 U.S.C. § 3001 *et seq*.

Consumer complaints arising under the TILA must be brought "within one year from the date of the occurrence of the violation[]" alleged by Plaintiffs.  15 U.S.C. § 1640(e).  The three-year statute of limitations referenced by Nelson applies only to actions "brought by the appropriate State attorney general."  *Id*.  This claim was not brought by the Arkansas Attorney General and Nelson has provided no argument that this case was brought within the one-year statute of limitations applicable to Nelson's consumer complaint.  Moreover, even if Nelson could show that the Court's decision regarding the applicable statute of limitations was made in error, Nelson has provided no argument that she indeed has standing to pursue a claim against Defendant.

Accordingly, Plaintiff Nelson's Motion to Reconsider (ECF No. 22) is hereby **DENIED**.

**IT IS SO ORDERED**, this 3rd day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge